Argued February 27, affirmed March 12, 1973

# STATE OF OREGON, *Respondent, v.* FRANKLIN BROTHERS (No. C 72-03-0904 Cr), *Appellant.*

507 P2d 398

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief were Francis F. Yunker, and Sherwood, Barnes, O'Dell and Lamon, Portland.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant appeals from a conviction for the crime of criminal activity in drugs (ORS 167.207), contending that the trial judge erred in denying his motion to suppress the illegal drugs and paraphernalia seized by the arresting officers. He maintains that (1) the search was in violation of the knock and announce

statute (ORS 133.290)[1] and the Fourth Amendment; and (2) the search warrant did not authorize entry into the private hallway leading to the apartment in which defendant and the drugs and paraphernalia were found.

The evidence was that on or about March 15, 1972, a search warrant based on information from a reliable informant was issued allowing a search of the premises of 327 N. Russell Street, Portland; and the persons of Lorachis Woodfork, aka Paul, and Pat Wright, aka Fredricka. The subject of the search was heroin.

The officers testified that they did not know the quantity of heroin they were seeking, and the search warrant and affidavit for search warrant did not indicate the quantity to be found on the premises.

The premises searched were located in an apartment house. The apartment house was of an older style two-story frame building containing four apartments. The apartment to be searched was on the second floor at the west end of the building. Entrance to the apartment house was through a street-level door. The door was kept locked. On either side of the door was a series of doorbells. A person seeking entry, other than an occupant of one of the apartments, was required to press the doorbell for the proper apartment. The occupant of the apartment would then come to the door and open it for entrance.

The doorways of the two first-floor apartments opened directly into this hallway, and a stairway led

[1] ORS 133.290 provides that an officer may force entry if after notice of his authority and purpose he is refused admission. ORS 141.110 provides that the officer has the same power of forcible entry in the execution or service of a search warrant that he has in the execution or service of a warrant of arrest.

to an upper hallway, into which the doorways of the two upper-floor apartments opened.

Prior to serving the warrant the officers were aware of the layout of the apartment.

At about 10:45 p.m., on March 15, a team of officers went to the address to serve the warrant. Two of the team carried a battering ram. Without ringing the doorbell or in any way announcing themselves to any occupant of the apartment building, they gained entrance to the hallway by "slipping" the lock to the front door by means of a plastic card. Once through the street door the officers proceeded slowly and quietly up the stairs leading to the second-floor apartments. As the officers neared the top of the stairs they heard a dog bark. At that point the officers rushed to the door of the designated apartment, shouted "police," drove the ram through the door, and entered the apartment. The police first secured the premises, then assembled all occupants, and read the search warrant to them, followed by the *Miranda* advice.[2]

Upon entry into the apartment the defendant was seated on a couch. One of the occupants named in the warrant, Lorachis Woodfork, was in the bathroom. Defendant was observed with his hand in his trousers pocket, moving his fingers, then pulling his hand from his pocket and slipping it down between the cushions of the couch. The officer pulled defendant's hand out from between the cushions and found a small green balloon of suspected heroin. Defendant was searched and found to have a hypodermic syringe with needle attached and two extra needles in his trousers

---

[2] *Miranda v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

pocket. There was testimony that heroin is commonly packaged in balloons because it is readily disposable that way in that it can be swallowed or flushed down a toilet. The contents of the balloon were tested and found to contain heroin. The trial court overruled the motion to suppress basing its decision on the totality of the circumstances.

■ ORS 133.290 establishes the general rule that officers should give notice of their authority and purpose when executing a search warrant. However, as we have previously held, this statute is subject to exceptions when exigent circumstances exist. *State v. Mitchell et al,* 6 Or App 378, 487 P2d 1156, Sup Ct *review denied* (1971).

The test is whether the entering officers, prior to making an unannounced entry, had probable cause to believe there to be a small, readily disposable amount of evidence at the premises to be searched, or did not know the amount, and reasonably believed there was a likelihood that the evidence might be destroyed if announcement were given. *State v. Gassner,* 6 Or App 452, 464, 488 P2d 822 (1971); *State v. Wetteland and Haak,* 9 Or App 87, 92, 496 P2d 27 (1972).

■ Here the evidence sought was easily disposable, and the officers had a reasonable basis for fearing that an announcement would give ample warning to permit destruction of the evidence.

We are of the opinion that the evidence (lack of knowledge of the quantity of drugs and the alarm by the barking dog) established exigent circumstances and justified noncompliance with ORS 133.290, and that the case at bar comes within the guidelines expressed in *State v. Gassner,* supra. *See also, State v.*

*Mitchell et al,* supra. *Cf., State v. Wetteland and Haak,* supra.

Likewise we hold that there was no violation of defendant's Fourth Amendment rights. *State v. Gassner,* supra.

■ As to defendant's second point, i.e., that the search warrant did not authorize entry into the private hallway leading to the apartment in which defendant and the drugs were found, we conclude that inasmuch as there were exigent circumstances justifying noncompliance with ORS 133.290 so far as the entry to the door to the upstairs apartment was concerned, the entry of the outer door was equally permissible. Although the barking by the dog did not occur until after the initial surreptitious entry, the officers did not know of the quantity of heroin they were seeking, and there was a reasonable basis for fearing that an announcement at the outer door would give more than ample warning to permit destruction of the evidence.

■ Defendant also contends that since the entrance hall and stairway leading to the subject apartment were protected areas, it was necessary that the search warrant specify those areas; that since it did not, entry into these areas by the police violated defendant's Fourth Amendment rights. We disagree. Assuming for purposes of argument only that the entrance hall, hallways and stairway were constitutionally protected areas, a warrant to search a specific apartment by necessary implication authorizes entry by the officers into the common hallway and stairway leading to that apartment. There was no necessity to specify the hallway and stairway in the warrant.

Affirmed.